BARRY, Judge,
concurring with the result.
Roger v. Estate of Moulton points out that the liberal construction given the U.M. statute requires that the statutory exceptions to the coverage requirement be strictly interpreted. Roger, at 1132, set out the proper way to reject U.M. coverage:
... The insured or his authorized representative must expressly set forth in a single document that U.M. coverage is rejected ... as of a specific date in a particular policy issued by the insurer. A writing, regardless of the intention of the insured, of a less precise nature, is insufficient to effect a valid rejection. (Emphasis added).
Specifying “1985” rather than “1984” on Endorsement # 18 was a typographical error. Both parties clearly and admittedly did not intend coverage.
We are able to “render any judgment which is just, legal, and proper upon the record_” La.C.C.P. art. 2164. These facts fit that provision.
PLOTKIN, Judge, concurs with written reasons:
Because I believe so strongly in the principle that the requirements for rejection of mandatory uninsured motorist coverage must be strictly construed, I find the result in this case disturbing. However, I am convinced that it is correct for two compelling reasons only. First, the misdated endorsement rejecting UM coverage was executed on May 6, 1985, well before any of the accidents which are the subject of this case occurred on October 3, 1985, September 12, 1985, and October 15, 1985. Additionally, the record contains clear and convincing evidence that the November 15, 1985 date was simply a typographical error and that the parties to the insurance contract unquestionably intended that the endorsement go into effect on November 15, 1984, when the policy itself became effective. Had the evidence been less clear or had any of the accidents occurred prior to the date the endorsement was executed, a different result would be required. Under the limited circumstances presented by this case, I believe the majority’s decision is correct.